**Phillip Lewis LINDQUIST,
Plaintiff-Appellant,**

v.

**Darrol GARDNER, Warden, Idaho
State Correctional Institution,
Defendant-Appellee.**

**No. 84–4254.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 1985.

Decided Sept. 9, 1985.

---

**2.** We review de novo the grant of summary judgment. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983).

Allen V. Bowles, Moscow, Idaho, for plaintiff-appellant.

Robert R. Gates, Boise, Idaho, for defendant-appellee.

Before WRIGHT, PREGERSON, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

On appeal from dismissal of appellant's petition for writ of habeas corpus, the issue is whether he exhausted his state judicial remedies by presenting his claim to the Idaho Supreme Court in an original habeas proceeding. We conclude that the district court was correct in determining that he failed to exhaust.

## FACTS

In 1976, a jury convicted pro se appellant Phillip Lindquist of first degree murder in Idaho state court. The trial court sentenced him to death under Idaho's mandatory death penalty statute, Idaho Code § 18–4004. On appeal, the Idaho Supreme Court found section 18–4004 unconstitutional and remanded for resentencing.

The trial court resentenced Lindquist to a 30-year determinate sentence under Idaho Code § 19–2513A. Following a second appeal, the Idaho Supreme Court again remanded for resentencing on the ground that section 19–2513A was enacted after Lindquist's 1976 conviction and did not apply retroactively.

In January 1981, the trial court resentenced Lindquist to a term of "not less than ten years, not more than life." Lindquist did not directly appeal the sentence. Nor did he challenge the sentence under Idaho's Uniform Post-Conviction Procedure Act, Idaho Code §§ 19–4901 to –4911 (1979 & Supp.1985).

Lindquist attempted to attack the sentence through original habeas corpus proceedings filed in the Idaho Supreme Court.

He contended that because his sentence was a "hybrid" he had served its maximum term and was entitled to immediate release. The supreme court dismissed the petition without opinion.

Lindquist then petitioned the district court for a writ of habeas corpus. It dismissed the action on the ground that Lindquist failed to exhaust state judicial remedies. The court declined to infer that the supreme court's summary dismissal was a decision on the merits. Further, it held that the Uniform Post-Conviction Procedure Act was a required step in exhaustion of Idaho post-conviction remedies.

## ANALYSIS

Normally, a federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted available state judicial remedies. 28 U.S.C. § 2254(b); *Sweet v. Cupp*, 640 F.2d 233, 235 (9th Cir.1981).[1] A petitioner must present his claim to the state courts on direct appeal, or through collateral proceedings. 28 U.S.C. § 2254(c); *Sweet*, 640 F.2d at 235.

Lindquist failed to satisfy the exhaustion requirement by presenting his claim to the Idaho Supreme Court in a petition for a writ of habeas corpus. The effect of the petition was to request the supreme court to exercise its discretionary original jurisdiction in habeas corpus proceedings. *See* Idaho Const. art. V, § 9. Because the supreme court has jurisdiction to review decisions of the lower courts on post-conviction matters, *id.*, it exercises its original jurisdiction in habeas proceedings only in extraordinary circumstances. *In Re Barlow*, 48 Idaho 309, 282 P. 380 (1929).

Lindquist has a post-conviction remedy under the Uniform Post-Conviction Procedure Act. Idaho Code §§ 19–4901 to –4911. His challenge to the validity of his sentence plainly states grounds for relief under section 19–4901.

Idaho courts consider any petition that sets forth legitimate grounds for relief un-

---

1. The exhaustion requirement is a matter of comity, not jurisdiction. *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir.1981). Exceptions exist, *see id.*, but none apply here.

der section 19–4901 to be a proceeding under the Act, regardless of whether it was labeled a petition for post-conviction relief or for a writ of habeas corpus. *Still v. State,* 95 Idaho 766, 519 P.2d 435, 437 (1974); *Dionne v. State,* 93 Idaho 235, 459 P.2d 1017, 1019 (1969). The Act does not specifically repeal the use of the writ of habeas corpus, but states that it takes the place of all remedies available prior to its enactment in 1967. Idaho Code § 19–4901(b); *Dionne,* 459 P.2d at 1019.

 The Act was designed to eliminate confusion and avoid repetitious and successive applications for relief while protecting the petitioner's constitutional rights. *Dionne,* 459 P.2d at 1019. It was also intended to give the trial court which made the initial determinations an opportunity to correct any irregularities that may have occurred at trial or sentencing. *Still,* 519 P.2d at 437.

■ The Act requires petitions for relief to be filed in the court where the conviction took place. Idaho Code § 19–4902 (Supp. 1985); *Still,* 519 P.2d at 437. Lindquist should have sought relief in the court where he was convicted and sentenced. He may still do so because an application for relief under the Act may be filed at any time within five years from the expiration of the time to appeal. Idaho Code § 19–4902.[2]

In view of Idaho courts' policy of treating sentencing challenges as arising under the Act, it is reasonable to presume that the supreme court deferred to this policy in dismissing Lindquist's petition. We conclude that its summary dismissal was procedural, not on the merits.[3]

2. The trial court sentenced Lindquist on January 21, 1981. Appellant's Brief at 4. His time for appeal lapsed 42 days later on March 4, 1981. Idaho App.R. 14(a) (1985 supp). Lindquist's five year filing period under the Uniform Post-Conviction Procedure Act does not expire until March 4, 1986. *See* Idaho Code § 19–4902.

3. Lindquist relies on *Harris v. Superior Court,* 500 F.2d 1124 (9th Cir.1974) (en banc), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975), for his contention that the dismissal

Except in extraordinary circumstances, the Uniform Post-Conviction Sentencing Act is a required step in an Idaho state prisoner's post-conviction judicial remedies. Because Lindquist failed to exhaust his state remedies, the exercise of federal jurisdiction at this time is improper. *See Sweet,* 640 F.2d at 238.

AFFIRMED.

was on the merits. In *Harris,* this court held that when the California Supreme Court denies a habeas corpus petition without opinion, the exhaustion requirement is satisfied. *Id.* at 1128–29. The decision, however, was based on the conclusion that the California court routinely exercises its original jurisdiction and has a practice of summarily denying petitions on the merits. *Id.* at 1127–28. Those circumstances are not present here. *See Sweet v. Cupp,* 640 F.2d 233, 238 (9th Cir.1981). Thus, *Harris* is distinguishable and does not control.