943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark HEIB, Petitioner-Appellant,
v.
Dorothy VIGIL, Dep. Warden, Respondent-Appellee.
 No. 90-16627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 9, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Heib, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); 28 U.S.C. § 2254(b). Exhaustion requires that a petitioner's claims be fairly presented to provide the state courts with an opportunity to rule on the merits of the claims. See McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986). If state remedies have not been exhausted, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 4
 In 1988, Heib pleaded guilty in Arizona Superior Court to one count of attempted child molestation. Heib did not file a direct appeal, nor has he filed a petition for post-conviction relief under Ariz.R.Crim.P. 32. In 1990, Heib filed a section 2254 habeas petition in which he affirmatively alleged that he had not exhausted state remedies. Heib argued that he should be excused from the exhaustion requirement because, when he committed the offense, he was on active duty in the U.S. Army and was on Army property. Therefore, he argued that the state of Arizona lacked jurisdiction to prosecute him. These circumstances, however, do not relieve Heib from the exhaustion requirement. He must present his claims to the Arizona courts in a petition for post-conviction relief under Ariz.R.Crim.P. 32 before a federal court may consider a section 2254 habeas petition. See Duckworth, 454 U.S. at 3; Lindquist, 770 F.2d at 877. Accordingly, the district court properly dismissed Heib's habeas petition. See Rose, 455 U.S. at 510.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3