943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rickey Byron CHURCHILL, Plaintiff-Appellant,
v.
Midge CARROLL, Warden, John K. Van de Kamp, Attorney General
for the State of California, Defendants-Appellees.
 No. 90-56107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rickey Byron Churchill, a California state prisoner, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 4
 A claim has been fairly presented if the petitioner has described in the state court proceeding both the operative facts and the federal legal theory on which his claim is based. Anderson v. Harless, 459 U.S. 4, 6 (1982); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). It is not enough that all the facts necessary to support the federal claim were before the state court. Anderson, 459 U.S. at 6. The petitioner must give the state the opportunity to "apply controlling legal principles to the facts bearing on his constitutional claim." Id.
 
 
 5
 Although Churchill referred to his attorney in his state habeas petition, he never raised a claim of ineffective assistance of counsel as a ground for challenging his conviction. Accordingly, his claim of ineffective assistance of counsel was not fairly presented in state court. See Picard, 404 U.S. at 276. Because the federal petition contains an unexhausted claim, the district court properly dismissed the entire petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state asserts on appeal, and Churchill does not dispute, that after the district court dismissed the petition in this action, Churchill exhausted his state remedies on his claim of ineffective assistance of counsel and filed a new federal petition, which is pending in district court