945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Lavern ALLAN, Petitioner-Appellant,
v.
George DEEDS, Warden, et al., Respondents-Appellees.
 No. 90-16192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Lavern Allan, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we reverse and remand.
 
 
 3
 A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by fairly presenting his claims to the highest state court with jurisdiction to consider them. Picard v. Connor, 404 U.S. 270, 276 (1971). The exhaustion requirement also is satisfied if it is clear that the petitioner's claims cannot be presented in state court because they are procedurally barred under state law. Castille v. Peoples, 489 U.S. 346, 351 (1989). Although a procedural default bars litigation of a constitutional claim in state court, a state prisoner may still obtain federal habeas relief upon a showing of cause and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984) (citing Engle v. Isaac, 456 U.S. 107, 129 (1982)).
 
 
 4
 Allan was convicted of two counts of being an ex-felon in possession of a firearm and was sentenced to serve two consecutive three-year terms of imprisonment. In his federal habeas petition, Allan raised three claims: (1) evidence seized during an unlawful search of his home should have been suppressed, (2) his statements to the police should not have been admitted because he was not advised of his Miranda rights, and (3) his possession of two rifles did not constitute two separate offenses, and therefore his convictions and consecutive sentences constituted double jeopardy and violated his right to due process. In its response to the petition, the state conceded that Allan had exhausted the first and second claims in his direct appeal, but alleged that Allan had not raised the third claim on direct appeal and had not filed a petition for post-conviction relief in state court. Therefore, in his report and recommendation, the magistrate recommended that Allan's federal habeas petition should be dismissed because it contained both exhausted and unexhausted claims. Allan filed objections to the magistrate's report in which he alleged that he had exhausted the third claim by raising it in a petition for post-conviction relief under Nev.Rev.Stat. § 177.315, which the trial court dismissed as untimely. In his objections, Allan included copies of the petition, the trial court's order dismissing the petition, and the Nevada Supreme Court's order dismissing his appeal from the trial court's judgment. Nevertheless, the district court affirmed the magistrate's report and recommendation and dismissed Allan's habeas petition.
 
 
 5
 The district court erred in dismissing Allan's habeas petition for failure to exhaust state remedies. It is undisputed that Allan exhausted his first and second claims by raising them on direct appeal. Moreover, because it is clear from the Nevada Supreme Court's order that his third claim is procedurally barred under state law and cannot be presented in state court, this claim also is exhausted. See Castille, 489 U.S. at 351.[1]
 
 
 6
 Because Allan procedurally defaulted on his double jeopardy/due process claim, he may obtain federal habeas relief on this claim only if he can show cause for his procedural default and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984) (citing Engle v. Isaac, 456 U.S. 107, 129 (1982)). Because the district court dismissed Allan's habeas petition for failure to exhaust state remedies and did not reach the issue of procedural default, the court did not afford Allan an opportunity to show cause and prejudice. Accordingly, on remand the district court should give Allan an opportunity to demonstrate (1) cause for his failure to timely file his petition for post-conviction relief and (2) actual prejudice from the error he alleges in his double jeopardy/due process claim. Moreover, because Allan's petition does not contain any unexhausted claims, the district court should consider the merits of his first and second claims.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its brief, the state concedes that its response to Allan's petition incorrectly stated that he had never filed a petition for post-conviction relief. The state argues, however, that Allan's federal habeas petition was properly dismissed because the Nevada Supreme Court found that Allan had procedurally defaulted on his double jeopardy/due process claim. Nevertheless, a determination that a federal habeas petitioner has procedurally defaulted in state court does not end the federal court's analysis; the court also must consider whether the petitioner can show cause and actual prejudice. See Tacho v. Martinez, 862 F.2d 1376, 1380-81 (9th Cir.1988). Moreover, even if Allan is unable to establish cause and prejudice for his procedural default as to his double jeopardy/due process claim, the state concedes that his other claims have been exhausted