961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Glen LAMOREAUX, Petitioner-Appellant,
v.
James THOMAS, et al., Respondents-Appellees.
 No. 91-16015.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Glen Lamoreaux, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition without prejudice for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); 28 U.S.C. § 2254(b). If state remedies have not been exhausted, the district court must dismiss the petition. Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 4
 In 1989, Lamoreaux pleaded guilty in Arizona Superior Court to one count of attempted sexual conduct with a minor. Lamoreaux did not file a direct appeal, nor has he filed a state petition for post-conviction relief. Accordingly, the district court properly dismissed Lamoreaux's federal habeas petition because he has not exhausted available state remedies. See Rose, 455 U.S. at 510. Lamoreaux must present his claims to the Arizona courts in a petition for post-conviction relief under Ariz.R.Crim.P. 32 before a federal court may consider a section 2254 petition. See Duckworth, 454 U.S. at 3; Lindquist, 770 F.2d at 877.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lamoreaux argues that because he did not file a direct appeal, he is precluded from raising his claims under Ariz.R.Crim.P. 32.2(c). This argument lacks merit. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991)