968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Michael MORGAN, Petitioner-Appellant,
v.
James THOMAS, Respondent-Appellee.
 No. 92-15038.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Michael Morgan, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b), (c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985).
 
 
 4
 Morgan concedes that he has a direct appeal pending in the Arizona Court of Appeals raising the same issues as his federal habeas petition. Nonetheless, he seeks to bypass the exhaustion requirement on the ground that excessive delay in the state's resolution of this matter is a violation of his right to due process.
 
 
 5
 "[E]xcessive delay in the appellate process may [ ] rise to the level of a due process violation." Coe v. Thurman, 922 F.2d 528, 530 (9th Cir.1990) (emphasis omitted). We consider four factors when evaluating claims of delay: (1) length of delay; (2) the reason for the delay; (3) appellant's assertion of his right; and (4) prejudice to the defendant. Id. at 531.
 
 
 6
 Here, Morgan was sentenced by the state of Arizona on January 23, 1990 to eight years imprisonment followed by life-time probation after he pleaded guilty to three counts of attempted child molestation. In August 1990, Morgan was permitted to proceed with his direct appeal in state court, despite filing a tardy notice of appeal. On September 26, 1990, prior to completion of the state court record on appeal, Morgan filed an opening brief with the Arizona Court of Appeals. The state appellate court record was not complete until November 14, 1990. At that time, the state court gave the government until December 17, 1990 to file an answering brief. The government's brief was filed within the time designated.
 
 
 7
 After all briefs were filed, Morgan requested the state court to order the court reporter to provide him with a copy of the transcript of the change-of-plea hearing in his state convictions. The court so ordered in July 1991. In September 1991, Morgan informed the state court by letter that he still had not received a copy of the change-of-plea hearing transcript. In October 1991, the state court again ordered the court reporter to provide the transcript, stating that no further extension of time would be provided. In August 1991, the instant federal action was initiated by Morgan.
 
 
 8
 In Coe, we noted that a four-year delay in processing an appeal is not enough, standing alone, to require granting a writ. Id. Here, the delay has only been one year. The delays in processing of Morgan's appeal appear primarily to be the result of the court reporter's failure to provide requested transcripts in a timely fashion. Although such delays are attributable to the state, see id., the government filed its briefs promptly upon perfection of the record on appeal and the state court acted immediately upon being informed the court reporter had not produced the change-of-plea transcript.
 
 
 9
 Clearly, Morgan has continued to assert his rights on appeal through numerous filings in state court and now in this court. As to the question of prejudice, Morgan concedes that his incarceration and anxiety level pending resolution of his appeal are no greater than that felt by any other prisoner. His sole allegation of prejudice is that a key witness in his proposed defense to the state crimes recently has died.
 
 
 10
 After weighing the relevant factors, we hold that the delay in state court resolution of Morgan's direct appeal fails to raise to the level of a violation of his right to due process. See id. at 532. Therefore, the district court did not err by dismissing the habeas petition because Morgan failed to exhaust all available state court remedies. See 28 U.S.C. § 2254(b), (c); Duckworth, 454 U.S. at 3; Lindquist, 770 F.2d at 877.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3