977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lewis JONES, Jr., Petitioner-Appellant,
v.
Raymond ROBERTS, Attorney General of Kansas, Respondents-Appellees.
 No. 91-3377.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Lewis Jones, Jr. seeks a certificate of probable cause and leave to proceed in forma pauperis following the district court's dismissal of his petition for a writ of habeas corpus for failure to exhaust state remedies. 28 U.S.C. § 2254(b). Petitioner was convicted in state court and sentenced as a habitual criminal to a term of forty-five years to life imprisonment for kidnapping, Kan.Stat.Ann. § 21-3420 (1988), and a concurrent term of fifteen to sixty years for robbery. Id. § 21-3426. Petitioner appealed his convictions contending that the trial court erred in failing to instruct the jury regarding eye witness identification and that the State had failed to prove all the elements of kidnapping. The Kansas Supreme Court rejected the merits of these claims and affirmed Petitioner's conviction. State v. Jones, 676 P.2d 1281 (Kan.1984). Petitioner then filed a state petition for a writ of habeas corpus directly in the Kansas Supreme Court, see Kan.Stat.Ann. § 60-1501 (1983), claiming that the charging document was jurisdictionally defective as it failed to allege essential elements of the robbery and kidnapping charges, that his retrial on the charges was barred by his due process right to a speedy trial, and that the evidence on the kidnapping charge was insufficient. The Kansas Supreme Court denied the petition without explanation. Jones v. State, No. 91-66533-S (Kan. May 9, 1991). Petitioner then brought the present § 2254 petition raising the same grounds as he raised in his state habeas petition. The district court dismissed the petition without prejudice for failure to exhaust his state remedies, see Rose v. Lundy, 455 U.S. 509 (1982), reasoning that the Kansas Supreme Court denied his state habeas petition because Petitioner had filed it directly in that court rather than in the sentencing court. See Kan.Stat.Ann. § 60-1507 (1983).
 
 
 2
 Generally, federal courts cannot grant a writ of habeas corpus to a person in state custody "unless it appears that the applicant has exhausted the remedies available in the courts of the state...." 28 U.S.C. § 2254(b). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986) (citing Rose, 455 U.S. at 515). While the failure to exhaust state remedies is not a jurisdictional bar to federal habeas review, the exhaustion doctrine exists as a matter of comity, and we apply a "strong presumption in favor of requiring the prisoner to pursue his available state remedies...." Granberry v. Greer, 481 U.S. 129, 131, 133 (1987). In determining whether a § 2254 petitioner has exhausted his claims in the state courts, "federal courts ... may properly inquire into the availability of state remedies...." Harris v. Reed, 489 U.S. 255, 268 (1989) (O'Connor, J., concurring) (citing Humphrey v. Cady, 405 U.S. 504, 515-17 (1972); Ex parte Hawk, 321 U.S. 114, 118 (1944)). Accordingly, the Kansas Supreme Court's summary denial of Petitioner's state habeas petition without explanation does not preclude a federal court from considering the availability of state remedies in determining whether Petitioner has met the exhaustion requirement. See Lindquist v. Gardner, 770 F.2d 876, 877-78 (9th Cir.1985) (state supreme court's denial without explanation of habeas petition did not preclude federal court from considering whether petitioner had exhausted state remedies).
 
 
 3
 Kansas provides state prisoners with a vehicle to challenge the constitutionality of their confinement by way of a state petition for a writ of habeas corpus. Specifically, Kansas law provides that "any person in this state who is detained, confined, or restrained on any pretense whatsoever ... may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." Kan.Stat.Ann. § 60-1501 (1983). However, this right is "[s]ubject to the provisions of K.S.A. 60-1507...." Id. Under § 60-1507, "[a] prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States ... may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 60-1507(a) (emphasis added). Petitioning the sentencing court is a prisoner's exclusive remedy "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of said applicant's detention." Id. § 60-1507(e). We believe, and Attorney General for the State of Kansas has conceded, that the Kansas Supreme Court's summary denial of Petitioner's state habeas petition was not on the merits, but rather due to Petitioner's failure to initially bring the petition in the sentencing court. See Carpenter v. Crouse, 279 F.Supp. 275, 280 (D.Kan.1967) (Kansas Supreme Court's denial of habeas petition originally filed in that court was not a decision on the merits because § 60-1507 provides for exclusive remedy), aff'd, 389 F.2d 53 (10th Cir.), cert. denied, 390 U.S. 1046 (1968). See also Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988) (presentation of claim to highest state court satisfies exhaustion requirement only if claim is presented in procedurally proper manner according to rules of state courts); Lindquist, 770 F.2d at 877 (state habeas petition originally filed in state supreme court and denied without explanation did not exhaust state remedies where state supreme court's exercise of original jurisdiction was discretionary). Accordingly, because Petitioner has not exhausted his state remedies, the district court's dismissal without prejudice of the petition for a writ of habeas corpus was proper.
 
 
 4
 In the absence of "a rational argument on the law or the facts," Petitioner's request to proceed in forma pauperis is DENIED. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915(d). Further, Petitioner has failed to make a substantial showing of the denial of a federal right, see Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991); thus, petitioner's request for a certificate of probable cause, 28 U.S.C. § 2253, is DENIED, and the appeal is DISMISSED.
 
 
 5
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3