978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sidney MARTS, a/k/a Terry Bishop, Plaintiff-Appellant,
v.
Vincent SWINNEY, Sheriff; William Higgs, Medical Director,
Washoe County Jail; Jane Doe # 1; Sgt. John Doe
# 1; Sgt. John Doe # 2; Roy Powell,
Director, of Programs,
Defendants-Appellees.
 No. 92-15501.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sidney Marts, a Nevada state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials in Marts 42 U.S.C. § 1983 action. Marts contends that (1) the defendants denied him adequate medical treatment during his incarceration as a pretrial detainee, (2) his due process rights were violated when he was assigned to a cell on an upper-level tier, (3) he was sentenced in contravention of state and federal law, and (4) the district court erred by denying his motion for a default judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm.
 
 
 3
 * Merits
 
 A. Summary Judgment
 
 4
 We review de novo a grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 1. Eye condition
 
 5
 Marts contends that prison doctors were deliberately indifferent to his medical needs because they refused to recommend an operation to remove a benign tumor from his eye.
 
 
 6
 Because Marts was a pretrial detainee and not a convicted prisoner at the time of his incarceration at the Washoe detention facility, his section 1983 action for medical mistreatment arises under the due process clause of the fourteenth amendment and not from the eighth amendment prohibition against cruel and unusual punishment. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, "although Marts's claim arises under the due process clause, the eighth amendment guarantees provide a minimum standard of care for determining [a prisoner's] right as a pretrial detainee, including [the prisoner's] right to medical care." Id.
 
 
 7
 In order for an inmate to prevail on an eighth amendment claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 8
 Here, the record indicates that prison doctors recommended against surgery to remove the tumor from Marts's eye after finding that the tumor was very small, benign, and was not causing any inflammation or threat to Marts's vision. They prescribed eye drops to help with the irritation and aspirin for Marts's physical discomfort. The record further indicates that doctors repeatedly examined Marts's eye condition during his detention and that no serious symptoms were ever diagnosed.
 
 
 9
 Marts nevertheless contends that doctors misdiagnosed his condition. He asserts that prison doctors should have performed a culture of the eye tissue, that they should have taken a "micro x-ray" to determine the extent of the tumor, and that he suffered eye inflammation as a result of the eye drops that doctors prescribed. Here, Marts has, at most, established that prison doctors were negligent in making their diagnosis and that he has a difference of opinion regarding his proper course of treatment. See Franklin, 662 F.2d at 1344. He has not, however, established that prison doctors acted with deliberate indifference in treating his eye condition. Accordingly, the district court properly granted summary judgment on this claim. See Estelle, 429 U.S. at 107.
 
 2. Cell Assignment
 
 10
 Marts asserts that the defendants denied him his fourteenth amendment rights to due process by assigning him to a cell on an upper level tier. He contends that because of his untreated eye condition, his vision faded and he fell down the stairs and injured his back.
 
 
 11
 To establish a violation of the right to personal security under the due process clause of the fourteenth amendment a pretrial detainee must show either that prison officials acted with deliberate indifference or that their conduct was so reckless that it was tantamount to a desire to inflict harm. See Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992).
 
 
 12
 Here, the defendants believed that Marts had a minor eye irritation that did not interfere with his vision, and therefore would not impede his ability to walk up and down the stairs. Because Marts has failed to show that the defendants acted with deliberate indifference in assigning him to the upper tier cell or that the defendants' assignment was tantamount to a desire to inflict harm, the district court properly granted summary judgment on this claim. See id.
 
 3. Back Injury
 
 13
 The record reveals that after Marts's fall from the upper level tier, he was transported to a medical center by ambulance where he received a CT scan, a urinalysis and two spinal tests. He was diagnosed as having no apparent injuries except a cervical sprain. After he returned to jail, Marts complained of pain and was given tylenol. Because it appears that Marts received prompt medical attention following his fall, he has failed to demonstrate that doctors were "deliberately indifferent" to his medical needs.[2] See Estelle, 429 U.S. at 106.
 
 B. Sentencing Errors
 
 14
 Marts contends that he was not sentenced in accordance with federal and state law. The district court found that Marts was attempting to assert a habeas action and stayed the cause of action for 30 days to allow Marts to show whether he had exhausted his administrative remedies. After Marts failed to provide any information on the issue of exhaustion, the district court dismissed the count without prejudice.
 
 
 15
 When a state prisoner challenges the fact or duration of his confinement, his exclusive remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A complaint filed under 42 U.S.C. § 1983 that seeks relief available only under habeas corpus must be construed as a habeas corpus petition. See Franklin v. Oregon, 662 F.2d 1337, 1347, n. 13 (9th Cir.1981). Prior to filing a habeas petition, however, a state prisoner must exhaust all available state court remedies either on direct appeal or though collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 16
 Here, the district court construed Marts's claim as a habeas action and properly stayed the claim to give him the opportunity to demonstrate that he had exhausted his state remedies. Because Marts failed to provide any information on the issue, the district court correctly dismissed the action.[3] See Lindquist, 770 F.2d 876, 877 (9th Cir.1985).
 
 C. Default Judgment
 
 17
 Marts contends that the district court should have granted his motion for a default judgment because the defendants answer to his complaint was untimely. We review the district court's denial of a motion for default judgment for an abuse of discretion. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). Under the Federal Rules of Civil Procedure, a default judgment shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). A default judgment, however, like any other judgment, may be entered against the defendant only if the defendant has been made a party to the action by service of process. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).
 
 
 18
 The record reflects that Marts first attempted to serve the defendants pursuant to Fed.R.Civ.P. 4(c)(2)(C), which provides for service of process by mail. Marts service pursuant to Rule 4(c)(2)(C)(ii) was ineffective because the defendants did not return the acknowledgment form as required by the rule. See Mason v. Genisco Technology Corp., 960 F.2d 849, 852-53 (9th Cir.1992). Subsequently, the district court ordered personal service to be executed by the United States Marshal. The defendants filed a response eight days after the summons issued. Here, because the defendants were not properly served to begin with, a default judgment could not be entered against them for failing to file a timely answer. See Zenith Radio Corp., 395 U.S. at 110. Accordingly, the district court did not abuse its discretion by denying Marts's motion for a default judgment.[4] See Pau, 928 F.2d at 885.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court failed to enter a separate judgment from its order. The absence of a "separate entry" of the district court's order on the civil docket sheet violates Fed.R.Civ.P. 58 & 79(a). The existence of a properly entered separate judgment, however, is not a prerequisite to appellate jurisdiction under 28 U.S.C. § 1291. "The parties may waive the separate judgment requirement by failing to object on that ground to the taking of [an] appeal." Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)
 
 
 [2]
 Moreover, given that the district court granted summary judgment dismissing Marts's claim of inadequate medical care, we find no abuse of discretion in the district court's dismissal of Marts's pendent state claim for medical malpractice. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)
 
 
 [3]
 Marts also contends that the magistrate judge erred by failing to recuse himself. This contention is meritless. The standard for recusal is "whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir.1983). Here, Marts alleges that had the magistrate judge read his pleadings, the outcome of the case would have been different. This allegation does not establish that a reasonable person would question the judge's impartiality. Thus, Marts has failed to show that the magistrate judge was biased or prejudiced against him
 
 
 [4]
 The defendants have requested that we dismiss Marts's appeal for lack of prosecution because he filed his brief 10 days late. If a party fails to timely file a brief or record, this court has the discretion to dismiss the appeal for lack of prosecution. See 9th Cir.R.App.P. 42-1; Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir.1976). Because Marts is a prisoner appealing pro se, and because his brief was only 10 days late, we deny the defendants request to dismiss Marts's appeal