120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph LACKEY, Petitioner-Appellant,
v.
W.A. MERKLE; Attorney General of the State of California,
Respondents-Appellees.
 No. 96-16755.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Lackey, a California state prisoner, appeals pro se the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254 for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.
 
 
 3
 The dismissal of a § 2254 habeas petition is reviewed de novo. See Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. See Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); see also 28 U.S.C. § 2254(b). If state remedies have not been exhausted, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).
 
 
 4
 Here, Lackey filed a notice of appeal and a writ of habeas corpus in the California Court of Appeal and they were both denied. Lackey concedes that he failed to seek review from the California Supreme Court. Because Lackey failed to exhaust state court remedies the district court did not err in dismissing his petition for writ of habeas corpus. See id.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Lackey contends that he procedurally defaulted, he has made no showing that a petition in the California Supreme Court would be barred