Rosario F. REYES, Petitioner,

v.

Olivia CRAVEN, Director, Respondent.

No. 03–35281.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided Aug. 20, 2004.

Rosario F. Reyes, Boise, ID, pro se.

James K. Ball, Manweiler Manweiler Breen & Ball, PLLC, Boise, ID, for Petitioner.

Paul T. Krueger, L. LaMont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondent.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM[*]

Rosario Reyes, an Idaho state prisoner, appeals the judgment of the district court, dismissing his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse. The district court's dismissal of a habeas petition for failure to exhaust is reviewed de novo. *Kou Lo Vang v. Nev.*, 329 F.3d 1069, 1072 (9th Cir.2003).

## BACKGROUND

On May 10, 1995, Reyes pled guilty to two counts of conspiracy to deliver cocaine and one count of conspiracy to deliver methamphetamine in violation of Idaho state law. On July 25, 1995, Reyes was sentenced to imprisonment for a period of five years minimum, with a subsequent indeterminate period not to exceed five years. Reyes also was ordered to pay restitution of $9,723.32.

On January 26, 1999, a parole officer recommended a tentative parole date of September 13, 1999. On June 8, 1999, the Idaho Commission of Pardons and Parole ("Commission") denied Reyes parole. According to the denial form, Commissioner Newcomb was concerned that Reyes never paid income taxes on the $300,000 he could have earned from the illegal drug transactions. Reyes responded that he did file income tax returns reporting income from construction work, but Newcomb asked Reyes if he would be "willing to file an amended tax return to include all the money he made from the drugs." Reyes responded that he would not because to do so would "incriminate himself for something he did in the past." The Commission thus concluded that, "due to the seriousness of his crimes, [Reyes] is not an appropriate candidate for parole."

In October 2000, Reyes filed a petition for writ of habeas corpus in the Idaho Supreme Court challenging the Commission's decision. Reyes characterized the Commission's denial of parole as an attempt to impose an additional $300,000 in restitution, constituting double jeopardy. The Idaho Supreme Court denied the petition without explanation. Reyes filed a second petition, styled a "Petition for Writ of Review," which the court treated as a motion to reconsider and denied.

Reyes then filed this federal petition for writ of habeas corpus. Reasoning that

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Reyes had failed to comply with Idaho law requiring a habeas petition to be filed first in state district court, not the Idaho Supreme Court, the district court ordered Reyes either voluntarily to dismiss his petition or to file a brief showing that no state remedies exist. The court warned that failure to comply would result in the dismissal of his petition for failure to exhaust state remedies.

Following filings by both parties, the district court concluded that Reyes had failed to exhaust his state remedies and dismissed his habeas petition. It accepted the State's contention that Reyes' presentation of his habeas claims to the Idaho Supreme Court was not sufficient to exhaust his claims. The court reasoned that, due to a 1999 amendment to Idaho's habeas corpus statute, Idaho law was unclear as to whether there was a remedy for an unconstitutional denial of parole. Relying on Third Circuit cases requiring exhaustion where state post-conviction law was unclear, the court decided to require Reyes "to return to state court to test the availability of remedies," and accordingly dismissed Reyes' petition without prejudice. The district court granted Reyes' request for a Certificate of Appealability ("COA") "on the question of whether Petitioner has properly exhausted his state court remedies or has shown that no state court remedies remain available."

## DISCUSSION

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."

O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); see 28 U.S.C. § 2254(b)(1)(A) (stating that a habeas petition shall not be granted unless the petitioner has exhausted "the remedies available in the courts of the State"). The petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Reyes contends that he does not have the right under Idaho law to raise his habeas claims because of a 1999 change in Idaho law, and that his claims accordingly have been exhausted. Reyes further contends that the Idaho Supreme Court considered his petition on the merits, thus satisfying the exhaustion requirement. Because we agree with his second contention, we decline to address the first.[1]

" '[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.2003) (quoting Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam)) (alteration in the original). "[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court." Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir.2002).

Reyes' petition to the Idaho Supreme Court clearly raised his constitutional claims. He therefore fairly presented his

---

1. We reject the State's contention that the question of whether the Idaho Supreme Court considered the merits of Reyes' petition was not included in the COA. This question is encompassed within the question certified for appeal, which was whether Reyes has properly exhausted his state court remedies. See Jorss v. Gomez, 311 F.3d 1189, 1193 (9th

Cir.2002) (Wallace, J., concurring) (stating that "some of our opinions have decided issues that do not appear in the face of the COA so long as they are clearly comprehended within the certified issue"); see also Tillema v. Long, 253 F.3d 494, 502 n. 11 (9th Cir. 2001) (stating that "it is not arguments that are certified, it is issues and claims").

claim to the state court, having given it the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights,'" fulfilling the exhaustion requirement. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (quoting *Duncan*, 513 U.S. at 365, 115 S.Ct. 887).

The order of the Idaho Supreme Court stated that it denied Reyes' petition "after due consideration." The supreme court's failure to specify the basis for its denial of Reyes' petition is immaterial, given the fact that Reyes clearly presented his claim to the court. *See Smith v. Digmon*, 434 U.S. 332, 333–34, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) (stating that the exhaustion requirement does not "turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court"); *cf. Beam v. Paskett*, 3 F.3d 1301, 1305–06 (9th Cir.1993) (concluding that the petitioner's claim was not procedurally defaulted because he had fairly presented the claim in his brief to the Idaho Supreme Court on direct review, even though the Idaho court's opinion did not expressly refer to the claim), *overruled on other grounds by Lambright v. Stewart*, 191 F.3d 1181 (9th Cir.1999) (en banc). In fact, "we have developed a presumption that where the state's highest court gives no reason or citation when dismissing or denying a hearing, it will be presumed that the dismissal or denial was on the merits." *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir.1987).

The State's reliance on *Lindquist v. Gardner*, 770 F.2d 876 (9th Cir.1985), is unavailing. Our conclusion in *Lindquist* that the petitioner failed to satisfy the exhaustion requirement by presenting his claim to the Idaho Supreme Court turned on the fact that the petitioner had a post-conviction remedy under the Uniform Post–Conviction Procedure Act ("UPCPA"), Idaho Code §§ 19–4901 to 19–4911, should have filed for such relief, and still was able to do so. *Lindquist*, 770 F.2d at 877–78. Because the petitioner raised a sentencing challenge, and the Idaho courts treated such claims as arising under the UPCPA, we concluded that it was "reasonable to presume that the supreme court deferred to this policy in dismissing [the] petition," and accordingly concluded that "its summary dismissal was procedural, not on the merits." *Id.* at 878.

Here, by contrast, the UPCPA is not "a required step in [Reyes'] post-conviction judicial remedies." *Id.* The Idaho Code provides that either the supreme court or the district court of the county in which the person is detained "shall have original jurisdiction to consider a petition for writ of habeas corpus." Idaho Code § 19–4202; *see also* Idaho Const. art. V, § 9 (giving the Idaho Supreme Court authority to exercise original jurisdiction to issue a writ of habeas corpus); *cf. Dopp v. Idaho Comm'n of Pardons & Parole*, 139 Idaho 657, 84 P.3d 593, 596 (Ct.App.2004) (reasoning that, "[r]egardless of whether the denial of parole falls within one of the permissible grounds for habeas relief stated in [Idaho Code] § 19–4203, the writ of habeas corpus is not only a statutory remedy but rather a remedy recognized and protected by Article I, Section 5 of the Idaho Constitution," and that "[c]ase law supports the use of habeas corpus proceedings to challenge the unlawful denial of parole"). Reyes therefore did not present his claim "via a statutorily deviating path" by filing an original petition in the supreme court.[2] *Turner*, 827 F.2d at 528.

---

2. Moreover, the 1999 change in Idaho's habeas law, limiting the grounds on which habeas could be granted to five specific bases, which do not include claims of the unconstitutional

Reyes fairly presented his claim to the Idaho Supreme Court, which is authorized by the Idaho Constitution to exercise original jurisdiction over a writ of habeas corpus. We conclude that the supreme court addressed Reyes' claim on the merits and that Reyes, accordingly, has exhausted his state remedies.

The judgment of the district court is

**REVERSED** and **REMANDED** for further proceedings.

denial of parole (which is Reyes' claim), *see* Idaho Code §§ 19–4203(2), 19–4205(2), constituted an "extraordinary circumstance[ ]" requiring the Idaho Supreme Court to exercise its original jurisdiction over the habeas petition. *Lindquist*, 770 F.2d at 877 (citing *In re Barlow*, 48 Idaho 309, 282 P. 380 (1929)).

