983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael J. BERRY, Plaintiff-Appellant,
v.
Art LEE, Head Sheriff of Apache County; Gladys Jamarillo;
Russ Owens; John Poe, Defendants-Appellees.
 No. 92-15237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Berry, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant doctors and jail officials in his 42 U.S.C. § 1983 action. He contends that he was denied: (1) the assistance of counsel; (2) access to the courts and (3) adequate medical treatment in violation of his constitutional rights. We review de novo the district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 DECLARATORY AND INJUNCTIVE RELIEF
 
 4
 Berry seeks declaratory and injunctive relief, as well as monetary damages. Nevertheless, because Berry is no longer incarcerated in the Apache County Jail, any non-monetary relief is moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991). Moreover, Berry lacks standing to seek injunctive or declaratory relief because there is no threat of continued or future harm to him. See id. Therefore, the district court properly granted summary judgment on this claim.
 
 ASSISTANCE OF COUNSEL
 
 5
 Berry contends he was denied assistance of counsel in his civil case. There is no constitutional right to appointment of counsel in civil cases. Johnson v. Dep't of Treasury, 939 F.2d 820, 824 (9th Cir.1991) (citing Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir.1982)). Moreover, appointment of counsel in civil cases is required only when exceptional circumstances are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (citing Wilbourne v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)). Berry has failed to show any exceptional circumstances which warrant the appointment of counsel. Therefore, the district court properly granted summary judgment on this claim.
 
 ACCESS TO THE COURTS
 
 6
 Berry also contends that he was denied access to a law library, and therefore, denied access to the courts. In general, prisoners have the constitutional right to access to the courts. See Bounds v. Smith, 430 U.S. 817, 822 (1977); Eldridge v. Block, 832 F.2d 1132, 1138 (9th Cir.1987). While adequate law libraries are one acceptable method of assuring meaningful access to the courts, there are alternative methods. Bounds, 430 U.S. at 830. Legal assistance from attorneys, law students, or other persons trained in the law may also be adequate. Id. at 831. Moreover, the Constitution does not guarantee a prisoner unlimited access to a law library, and " '[p]rison officials of necessity must regulate the time, manner, and place in which library facilities are used.' " Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989) (quoting Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985)).
 
 
 7
 Here, while Berry did not have unlimited access to a law library in the Apache County Jail, the record indicates that he was not denied meaningful access to the courts. The undisputed facts show that Berry had access to a law library for two hours while at the Jail, as well as assistance from his criminal lawyers in obtaining legal materials and some advice. Moreover, he had access to a complete law library and legal assistance at the state prison to which he was transferred for several hours a day, six days a week for a period of two months prior to his civil trial. Therefore, the facts do not support his claim that he was denied access to the courts and the district court properly granted summary judgment in favor of the defendant jail officials on this claim.
 
 INDIFFERENCE TO MEDICAL NEEDS
 
 8
 Berry contends that jail officials were deliberately indifferent to his serious medical needs by: (1) denying his request to see a doctor and a specialist regarding his back injury; (2) allowing his medication to lapse; and (3) denying him exercise as prescribed by his doctor. Convicted prisoners may claim deliberate indifference to medical needs under the eighth amendment prohibition against cruel and unusual punishment. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, while the eighth amendment provides a minimum standard of care for determining the rights of pretrial detainees, those claiming inadequate medical treatment must raise their claims under the fourteenth amendment due process clause. Id.
 
 
 9
 A claim exists under section 1983 with respect to medical care exists if there has been "deliberate indifference to a prisoner's serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Indifference may be manifested by guards intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. Estelle, 429 U.S. at 104-05.
 
 DELIBERATE INDIFFERENCE BY JAIL OFFICIALS
 
 10
 First, Berry claims that the defendants denied his request to see local doctors and specialists for his back injury. The defendants dispute Berry's claim that they denied him visits to local doctors. The record shows that Berry visited Dr. Ellsworth approximately five times in a two month period. Failure to allow every requested visit to a doctor does not constitute medical indifference where evidence shows that Berry received medical treatment. See Estelle, .429 U.S. at 106-07. The record indicates that the defendants did deny Berry a visit with a specialist that he had scheduled without their knowledge. Nevertheless, Apache County Jail policy is that visits with specialists are only permitted if the local physician recommends the need for such a visit. Dr. Ellsworth had not recommended this visit. This denial does not establish deliberate indifference to Berry's medical needs. See id.
 
 
 11
 Second, Berry claims that the defendants were deliberately indifferent because they allowed his medication to lapse. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute [a constitutional claim]." Id. at 105-06. Here, defendants admit that there may have been a few times when they forgot to give Berry his medication. Nevertheless, when the error was brought to their attention, it was immediately corrected. Moreover, by his own admission, there were instances where Berry himself refused the medication. This inadvertent failure to provide Berry's medication does not establish deliberate indifference. See id.
 
 
 12
 Third, Berry claims that the defendants were deliberately indifferent by not allowing him to get the prescribed exercise for his back injury. The records indicate that Dr. Hamblin submitted a prescription for Berry stating that he "may be allowed to walk around exercise area at Deputies Discression (sic)." Reasonable restrictions on inmate freedom are permitted when they are for the purpose of maintaining security and order in the facility. Bell v. Wolfish, 441 U.S. 520, 538 (1979). Here, the jail records show that Berry was permitted to walk, whenever possible. There were some occasions when he was not allowed to walk for security reasons or because of inclement weather. This claim, however, is insufficient to establish deliberate indifference.
 
 
 13
 Finally, Berry claims that he was denied adequate dental treatment. He claims that jail employees instructed a dentist to pull a tooth that could have been saved had the jail paid for a root canal. Berry provides no factual support for his allegations. Moreover, the dentist is not a defendant in this action. Therefore, the district court properly found that there was no deliberate indifference to Berry's medical needs by the jail officials and summary judgment was appropriate.
 
 DELIBERATE INDIFFERENCE BY DR. ELLSWORTH
 
 14
 Berry also appears to contend that Dr. Ellsworth was deliberately indifferent to his back injury. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the eighth amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.
 
 
 15
 Berry was treated by Dr. Ellsworth several times and the doctor prescribed Darvocet and other medications for Berry's back pain. Although Berry requested stronger medication, Dr. Ellsworth exercised his medical discretion in prescribing the medication so as not to create or sustain a suspected addiction to narcotics. The doctor's exercise of medical discretion does not constitute deliberate indifference to Berry's medical needs. Therefore, the district court properly granted summary judgment in favor of defendant Ellsworth.
 
 
 16
 We affirm the district court's grant of summary judgment in favor of defendant jail officials and defendant Ellsworth.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3