988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Olas McPHAUL, Jr., Plaintiff-Appellant,
v.
CITY OF PHOENIX POLICE DEPARTMENT, Defendant,
and
Jose Cisneros, Officer # 4657; P. Apolinar, Officer # 5187,
Defendants-Appellees.
 
 No. 92-15877.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 Appeal from the United States District Court for the District of Arizona, No. CV-91-00311-SMM; Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Olas McPhaul appeals pro se the district court's summary judgment in favor of the Phoenix Police Department and individual officers in McPhaul's 42 U.S.C. § 1983 action alleging that police officers (1) arrested him without probable cause, (2) failed to protect him prior to his arrest from injuries inflicted by other arrestees, (3) denied him proper medical treatment, and (4) violated his equal protection rights. We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 * Background
 
 
 4
 On May 24, 1990, the police officers/defendants responded to a call regarding the firing of a gun. When they arrived at the scene, they encountered two Mexican males, Oscar Aguayo and William Luna. Upon questioning, Aguayo admitted that he fired the gun into the air after a sports event. He also told the defendants that he had fought with his girlfriend over a Black male, whom he identified as McPhaul. The defendants then approached McPhaul, who denied knowing Aguayo or arguing with him. After determining that Aguayo had fired the gun, the defendants cited and released him.
 
 
 5
 A few minutes after departing, the defendants received a dispatch call that a fight was in progress at the same scene. Upon returning to the scene, the defendants say Aguayo and Luna with blood on them. A witness told the defendants that after the defendants left a mutual fight had erupted between Aguayo, Luna and McPhaul. The defendants located McPhaul, arrested the three men and took them to the police station.
 
 
 6
 At the police station, the defendants summoned the paramedics to examine and treat the three arrestees. The paramedics' report indicates that McPhaul suffered from cuts on his face and head, but that he refused to allow the paramedics to examine him and take his vital signs. Instead, McPhaul insisted that the defendants transport him to the hospital.
 
 
 7
 After being treated by the paramedics, Aguayo was cited and released at the police station. McPhaul and Luna were taken to the county jail where McPhaul was cited and released and Luna was booked on a charge of disorderly conduct. After he was released from jail, McPhaul walked to a nearby hospital and received more than 40 stitches to his head and face and treatment for injuries to his right elbow and wrist.
 
 II
 Merits
 A. False Arrest
 
 8
 McPhaul contends that the defendants arrested him for disorderly conduct[1] without probable cause. This contention lacks merit.
 
 
 9
 A warrantless arrest is valid only if supported by probable cause. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). Probable cause exists if "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime." Id. "The experience and expertise of the officers involved in the investigation and arrest may be considered in determining [whether probable] cause [existed]." Id.
 
 
 10
 Here, the defendants presented ample evidence demonstrating that they had a reasonable and good faith belief that McPhaul had been engaged in a fight. McPhaul did not offer any evidence to dispute the defendants' contention. Accordingly, under these circumstances, the district court properly granted summary judgment for the defendants on the issue of whether the defendants had probable cause to arrest McPhaul for disorderly conduct. See id. at 1393.
 
 B. Failure to Protect
 
 11
 McPhaul contends that the defendants violated his constitutional rights by failing to protect him from assault by Luna and Aguayo after the defendants first arrived at the scene to question Aguayo. This contention lacks merit.
 
 
 12
 State officials are generally under no constitutional duty to protect members of the public from harm from third parties. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699-700 (9th Cir.1990). Such a duty may arise, however, in situations where the state has assumed a custodial relationship with the plaintiff. Id. at 700.
 
 
 13
 At the time the defendants questioned Aguayo about the firing of his gun, McPhaul was not yet in police custody. Thus, the defendants did not, at that time, have a constitutional duty to protect McPhaul from the subsequent assault by Aguayo. See id. Accordingly, the district court properly granted summary judgment on this claim.
 
 C. Medical Indifference
 
 14
 Because McPhaul was a pretrial detainee and not a convicted prisoner at the time of his custody, his section 1983 action for medical mistreatment arises under the due process clause of the fourteenth amendment and not from the eighth amendment prohibition against cruel and unusual punishment. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, "[a]lthough [McPhaul's] claim arises under the due process clause, the eighth amendment guarantees provide a minimum standard of care for determining [a prisoner's] rights as a pretrial detainee, including [the prisoner's] right to medical care." Id.
 
 
 15
 In order for an inmate to prevail on an eighth amendment claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 16
 Here, McPhaul contends that the defendants should have taken him to the hospital for his injuries. Instead, the defendants called the paramedics who diagnosed McPhaul's injuries and noted them in their record. The paramedics' record indicates that McPhaul refused to allow the paramedics to take McPhaul's vital signs. McPhaul does not dispute this, but rather contends that the paramedics erroneously told him that his injuries were minor and did not require stitches.
 
 
 17
 Given these circumstances, we cannot say that the defendants were deliberately indifferent to McPhaul's serious medical needs. See Estelle, 429 U.S. at 106. The defendants attempted to provide treatment for McPhaul's injuries by calling the paramedics. Whether McPhaul should have first been taken to the hospital instead of being treated by the paramedics involved a difference of opinion between the defendants and McPhaul. Such a difference in opinion, however, is not actionable under section 1983. See Franklin, 662 F.2d at 1344. Accordingly, the district court properly granted summary judgment to the defendants on this issue.
 
 D. Equal Protection
 
 18
 McPhaul contends that police officers violated his right to equal protection of the laws by failing to initially arrest Luna and Aguayo. McPhaul contends that this failure was due to the fact that Luna and Aguayo, like the police officers, are Mexican. McPhaul further contends that the police officers arrested him for disturbing the peace solely because he is Black.
 
 
 19
 Proof of racially discriminatory intent or purpose is required to show a violation of the equal protection clause. Washington v. Davis, 426 U.S. 229, 239-42 (1976). Discriminatory intent may be proved by direct and circumstantial evidence. Lowe v. City of Monrovia, 775 F.2d 998, 1011 (9th Cir.1985), amended on other grounds, 784 F.2d 1407 (9th Cir.1986).
 
 
 20
 Here, McPhaul failed to present any evidence to support his claim that the defendants arrested him solely because he is Black. Accordingly, the district court properly granted summary judgment in favor of the defendants. See Washington, 426 U.S. at 239.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arizona Revised Statutes section 13-2904 defines the crime of disorderly conduct in part as follows:
 A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
 
 
 [1]
 engages in fighting, violent or seriously disruptive behavior
 Ariz.Rev.Stat. § 13-2904.