Clarence Eugene JONES aka Asmar Habeeb-Ullah Saleem, Plaintiff-Appellant,

v.

Dr. JOHNSON, etc., et al., Defendants-Appellees.

No. 83–3637.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 3, 1985.

Decided Jan. 31, 1986.

Asmar Habeeb-Ullah Saleem, Clarence Eugene Jones, Salem, Or., Robert Favole, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for plaintiff-appellant.

Rudolph Westerfand, J. Michael Doyle, Portland, Or., for defendants-appellees.

Before FLETCHER and BOOCHEVER, Circuit Judges, and AGUILAR,* District Judge.

* Hon. Robert P. Aguilar, United States District Judge for the Northern District of California, sitting by designation.

FLETCHER, Circuit Judge:

Clarence Eugene Jones appeals the dismissal of his section 1983 civil rights action against Multnomah County, Multnomah County jail, jail officials and employees, and other county officials, for deliberate indifference to his medical needs. We reverse and remand for further proceedings.

## FACTS

Clarence Eugene Jones is incarcerated at the Oregon State Prison, but the alleged constitutional violations occurred while he was detained and awaiting trial at the Rocky Butte County Jail in Multnomah County. Jones's complaint may be construed as alleging the following facts. Before his imprisonment, Jones had been scheduled for surgery for a hernia. Because he was suffering extreme discomfort and pain while in jail, Jones consulted on several occasions with Dr. Alan Melnick, the jail physician. Dr. Melnick told him the county had a "tight" budget, and that until Jones suffered a strangulated hernia, he would not receive treatment. Dr. Melnick told Jones that he would ask his supervisor (Johnson) if surgery could be performed, but also told Jones that because this surgery was considered "elective," it was unlikely that he would receive treatment. An examination by a second doctor, Dr. Robert Childs, ordered by the state court confirmed that Jones had a hernia. Jones also made a written request for assistance from Kathy Page and Thomas Slyter (employees at the jail) in obtaining treatment, but neither responded.

Jones filed a section 1983 action seeking damages and an injunction against Dr. Melnick, Dr. Johnson (Medical Director of the Correction Division), Page and Slyter. He later filed an amended complaint naming other supervisory personnel of the jail, county officials, and the county itself, as defendants.

Three months after filing his complaint, Jones moved for default judgment against all of the defendants because they failed to answer the complaint. The county officials who had been added by the amended complaint then moved to dismiss the action against them for failure to state a claim because Jones had alleged only respondeat superior liability which is barred by *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court granted their motion, and also dismissed the action as to the remaining defendants sua sponte because Jones's complaint did not allege "deliberate indifference" to his medical needs. The district court concluded that at most his allegations amounted to a disagreement between a patient and a physician over the severity of Jones's condition and the proper means of treatment. The district court gave Jones thirty days to file an amended complaint, but Jones failed to amend and the entire action was dismissed. Jones timely appeals the dismissal as to all defendants.

## DISCUSSION

We review *de novo* the district court's dismissal for failure to state a claim. *Compton v. Ide*, 732 F.2d 1429, 1432 (9th Cir.1984). We construe the plaintiff's pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and will not uphold a dismissal for failure to state a claim unless it appears beyond doubt that the plaintiff can show no set of facts that supports his claim. *De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

■■■ Because Jones was a pretrial detainee and not a convicted prisoner at the time of the claimed wrongful conduct, his § 1983 action for inadequate medical treatment arises from the due process clause of the fourteenth amendment and not from the eighth amendment prohibition against cruel and unusual punishment. *Bell v.*

*Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979). Although Jones's claim arises under the due process clause, the eighth amendment guarantees provide a minimum standard of care for determining Jones's rights as a pretrial detainee, including his right to medical care. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983); *see L.H. v. Jamieson*, 643 F.2d 1351, 1356 n. 3 (9th Cir.1981). Jail personnel violate a prisoner's eighth amendment rights if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). *See also Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir.1982); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980). This indifference must be substantial to violate the constitution, *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *see Franklin v. Oregon State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir.1981), and state prison authorities have wide discretion regarding the nature and extent of medical treatment. *Riley v. Rhay*, 407 F.2d 496, 497 (9th Cir.1969).

■■■ Jones's complaint alleges facts constituting deliberate indifference. He notified Dr. Melnick, Slyter and Page of his pain and discomfort. Slyter and Page did not respond. Dr. Melnick told him that the county would not provide the necessary treatment because it had a tight budget and that until Jones suffered a "lacerated hernia," he could not obtain treatment. We find no other explanation in the record than the budget concerns for denying Jones's surgery. Budgetary constraints, however, do not justify cruel and unusual punishment. *See Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir.1979).

Jones's complaint also states a serious medical need. He alleges suffering and pain from his herniated condition and the inability to perform his work at the prison.[1]

1. The jail doctors and employees submitted no affidavits by the medical doctors to refute Jones's assertions and even if they had, any

weighing of the evidence is inappropriate on a 12(b)(6) motion. *See Runnels v. Rosendale*, 499 F.2d 733, 734–35 (9th Cir.1974) (court did not

Because Jones has properly alleged both that he had a serious medical need and that the defendants were deliberately indifferent to that need, he has adequately stated a cause of action under the fourteenth amendment.

▮ The county contends that, even though plaintiff's claims may be adequate as to others, dismissal was proper as to the county and supervisory personnel because the plaintiff's claims against these parties are based on respondeat superior, an inappropriate theory for recovery in a § 1983 action. While we agree that liability under 42 U.S.C. § 1983 may not be predicated on the theory of respondeat superior, *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), we note that a county, its administrators or supervisors can be liable if the alleged constitutional violation is covered or sanctioned by an official policy or custom. *Id.* at 690–91, 98 S.Ct. at 2035–36; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984). Liberally construed, Jones's complaint alleges that an official policy existed condoning the denial of necessary medical care. These allegations are adequate to state a claim against the county, the county commissioners, and the jail supervisors. We therefore reverse the dismissal ordered by the district court and remand for further proceedings.

REVERSED and REMANDED.

look beyond complaint; allegations of severe pain without prescribed relief were sufficient to survive a motion to dismiss).