977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthel L. BROWN, Plaintiff-Appellant,
v.
Carroll V. SOUTH, Defendant-Appellee.
 No. 91-36184.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthel L. Brown, a Montana state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant in his 42 U.S.C. § 1983 action.[1] In his complaint, Brown alleged that prison officials were deliberately indifferent to his serious medical needs. Specifically, Brown alleged that prison officials failed to treat his broken hand for two weeks and ignored his repeated requests to be examined. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Brown's contention that the district court erred in granting summary judgment lacks merit.
 
 
 4
 Summary judgment is appropriate when the moving party shows through the pleadings, depositions, affidavits, or other evidence that there is no genuine issue of material fact in dispute. Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.1979), cert. denied, 445 U.S. 951 (1980). If the moving party satisfies his initial burden of demonstrating the absence of a genuine issue of fact, the burden shifts to the opposing party to establish the existence of a genuine issue of material fact. Id.
 
 
 5
 Prison personnel violate the eighth amendment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). The indifference to medical needs must be substantial. Estelle, 429 U.S. at 106. While poor medical treatment will at a certain point rise to the level of a constitutional violation, mere malpractice, or even gross negligence, does not suffice. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Delay in treatment, without more, does not constitute an eighth amendment violation. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).
 
 
 6
 Here, defendant submitted medical records showing Brown was treated for the injury to his hand on numerous occasions. In response, Brown submitted a letter from a doctor suggesting that Brown receive treatment for carpal tunnel syndrome, a different condition than which Brown based his section 1983 claim upon. Because Brown failed to raise a genuine issue of material fact that defendant was deliberately indifferent to his serious medical needs, the district court properly granted summary judgment in favor of defendant.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the district court, Brown's co-plaintiff was Danny A. Arledge. Arledge, however, did not file a notice of appeal