981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles A. RHINEHART, aka Charles R. Withers, Plaintiff-Appellant,
v.
PIMA COUNTY JAIL; Clarence Dupnik, Sheriff; Stanley L.
Cheske, Defendants-Appellees.
 No. 92-15488.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 24, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Charles A. Rhinehart appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 civil rights action alleging that he is being subjected to cruel and unusual punishment due to overcrowding and unsafe and unsanitary conditions at Pima County Jail. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 A motion for summary judgment should be granted only if the evidence, read in the light most favorable to the non-moving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045; see Fed.R.Civ.P. 56(c).
 
 
 5
 "[T]he Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain.' " Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). This includes not only physical torture, but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society.' " Hoptowit, 682 F.2d at 1246 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). In analyzing an eighth amendment claim a court must consider "discrete areas of basic human needs such as food, clothing, shelter, sanitation, medical care and personal safety." Id.
 
 
 6
 * Double Celling
 
 
 7
 Double celling in and of itself is not unconstitutional. Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.1984). Although an eighth amendment violation may not be predicated on a totality of conditions at prison, those conditions may provide a useful context for evaluating the severity of overcrowding. See Hoptowit, 682 F.2d at 1246-47.
 
 
 8
 Here, Rhinehart contends that two men were placed in his cell, requiring one to "make a bed up" on the floor of the cell, thereby subjecting him to cruel and unusual punishment due to the resulting overcrowded conditions at the jail. Rhinehart does not allege that the double celling led to deprivations of essential food or medical care. Accordingly, Rhinehart's contention does not establish a basis for an eighth amendment violation. See Hoptowit, 682 F.2d at 1246.
 
 II
 Threats of Violence
 
 9
 The eighth amendment dictates that prison officials may not be deliberately indifferent to the safety needs of inmates because such indifference may result in the unnecessary infliction of pain. Hoptowit, 682 F.2d at 1250. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Id.
 
 
 10
 Here, Rhinehart contends that he was involved in one fight. Prison officials responded immediately to the fight by halting the altercation. Rhinehart was attended to by prison medical staff. There is no evidence in the record to suggest that the defendants were deliberately indifferent to Rhinehart's safety. Accordingly, this contention also does not establish a basis for an eighth amendment violation. See Id.
 
 III
 Unsafe and Unsanitary Conditions
 
 11
 "[T]he Eighth Amendment's ban of cruel and unusual punishment prohibits conditions of confinement that pose unreasonable threats to inmates' health." McKinney v. Anderson, 924 F.2d 1500, 1507 (9th Cir.1991). "Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir.1985). To state an eighth amendment claim of cruel and unusual punishment, however, a prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991).
 
 
 12
 Here, Rhinehart alleges that all inmates were exposed to the measles during the winter of 1989-90, as well as exposure to lice and ringworm. In addition, Rhinehart alleges that the floors of the shower were covered with urine and human excrement on more than one occasion. While the evidence supports Rhinehart's allegations, the evidence also reveals that the defendants responded reasonably and appropriately in this case. Accordingly, the defendants did not act with deliberate indifference to the allegedly unsafe prison conditions. See Hoptowit, 753 F.2d at 783-84.
 
 IV
 Indifference to Medical Needs
 
 13
 In order for an inmate to state an eighth amendment violation for medical indifference, he must show that prison medical authorities have been deliberately indifferent to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). This indifference must be substantial in order to establish an eighth amendment violation. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).
 
 
 14
 Here, Rhinehart alleges that he contracted tuberculosis and high blood pressure while in prison. The prison officials were aware of Rhinehart's high blood pressure condition and treated him with a low cholesterol diet and medical care. In addition there is no evidence in the record that Rhinehart was not properly treated for tuberculosis while at the jail. Thus, because the defendant's were not deliberately indifferent to Rhinehart's medical needs, no eighth amendment violation occurred. See Jones, 781 F.2d at 771. Accordingly, the district court did not err by granting the defendants' motion for summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3