5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Reynard Allen REYNOLDS, Plaintiff-Appellant,
v.
Oscar CONTRERAS, et al., Defendants-Appellees.
 No. 92-15195.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 7, 1993.
 
 1
 Appeal from the United States District Court for the District of Arizona; No. CV-89-00716-WDB, William D. Browning, District Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: D.W. NELSON and NORRIS, Circuit Judges, and TANNER, District Judge**.
 
 
 5
 MEMORANDUM***
 
 
 6
 Reynard Reynolds brought this 42 U.S.C. Sec. 1983 action alleging that police officers violated his constitutional rights during police interrogation by refusing him needed medical attention and by using coercive methods to obtain his confession. The district court granted the defendants' cross-motion for summary judgment dismissing Reynolds' case in its entirety. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Reynolds argues on appeal that the district court improperly granted the defendants' motion for summary judgment. We disagree.
 
 Standard of Review
 
 7
 The district court's grant of summary judgment is reviewed de novo. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Summary judgment is appropriate when viewing the evidence in a light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is thus entitled to judgment as a matter of law. See Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 8
 Failure to Provide Prompt Medical Attention
 
 
 9
 To state a claim under the Fourteenth Amendment for failure to provide prompt medical attention, Reynolds must show that the defendants were "deliberately indifferent to [his] serious medical needs." See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986) (analogizing the right to medical attention of pretrial detainees under the Fourteenth Amendment to the right to medical attention for prisoners under the Eighth Amendment). "This indifference must be substantial to violate the constitution...." Id. (citations omitted). In this case, summary judgment was appropriate because Reynolds was unable to establish that his need for medical treatment was serious or that the officers' actions were deliberately indifferent to his medical needs.
 
 
 10
 Even assuming, arguendo, that Reynolds was in pain from the automobile accident and notified defendants while in their custody of his discomfort, the three affidavits of Drs. Truckemiller, Standen, and McGill firmly establish that Reynolds' complaint of pain was uncorroborated by any medical evidence. Therefore, the record does not support Reynolds' contention that he was in serious medical need. The only evidence of any medical abnormality is Reynolds' claim that he was in pain during and after police interrogation. Accordingly, at the time of the defendants' motion for summary judgment, no genuine issue of material fact remained with respect to whether the officers ignored Reynolds serious need for medical attention in violation of the Fourteenth Amendment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1985) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to withstand a motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the plaintiff.").
 
 Coerced Confession
 
 11
 Reynolds also challenges the district court's dismissal of his coerced confession claim. Reynolds alleges that one officer made the statement:
 
 
 12
 We're not going to fuck with you. We're not going to fuck around Mr. Reynolds. We'll take your ass down and book you for every burglary in Tucson. We've done it before and we'll do it again.
 
 
 13
 See Plaintiff's April 2, 1991 Deposition ("Plaintiff's Deposition") 32-3. Reynolds maintains that this statement was made before he was Mirandized and before interrogation was recorded, and it alone establishes coercion. After he was Mirandized, Reynolds confessed to an attempted burglary. Even if a police officer made this statement to Reynolds, as a matter of law, the totality of the circumstances do not establish that Reynolds' confession was a product of police coercion. See United States v. Pinion, 800 F.2d 976, 980 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987) ("The test is whether under the totality of circumstances, the government obtained the confession by coercion or improper inducement.") (citation omitted).
 
 
 14
 Reynolds was duly informed of his Miranda rights and waived them before making any admission to police officers. It is undisputed that other than the one statement, Reynolds did not find other actions by police officers threatening. See Plaintiff's Deposition 36-7. Moreover, Reynolds has had some experience with police detention and questioning prior to this arrest, supporting the conclusion that Reynolds would be unlikely to put excessive weight on the police officer's statement.[1] See United States v. Pinion, 976 F.2d at 981. The totality of the circumstances do not support Reynolds' claim that his confession was a product of police coercion in violation of his Fifth Amendment rights. See Id.
 
 Conclusion
 
 15
 Because the record does not support Reynolds' claim that the defendants deliberately ignored his serious medical needs nor that his confession was the product of coercion, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Reynolds was sentenced to prison twice before, once in California under the California Youth Authority State System and once in Arizona