78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ira CARUTHERS, Plaintiff-Appellant,
v.
Joseph ARPAIO, Sheriff; Captain "Moose," Supervisor, First
Avenue Jail; Butler, Sgt., Immediate Commander of
Shift Personnel, First Avenue Jail,
Defendants-Appellees.
 No. 95-16275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Ira Caruthers appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Caruthers contends that while he was a pretrial detainee: defendants were deliberately indifferent to his safety and he was assaulted by another inmate; conditions of confinement after his assault violated his constitutional rights; and the district court should have noticed depositions of defendants.
 
 
 4
 Caruthers maintains that the district court erred when it analyzed his action under the Eighth Amendment. We agree, but conclude that the error is harmless. A pretrial detainee's section 1983 action arises from the Due Process Clause of the Fourteenth Amendment, not from the Eighth Amendment's prohibition against cruel and unusual punishment. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). In order to demonstrate a violation of the Fourteenth Amendment, a pretrial detainee must show that prison officials were deliberately or recklessly indifferent to his personal security. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991) (en banc), cert. denied, 502 U.S. 1074 (1992). Reckless indifference is conduct "so wanton or reckless with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. (citation omitted).
 
 
 5
 When Caruthers requested that he be moved because he was "having problems and don't wish to be hurt or hurt anyone," prison officials moved Caruthers to administrative segregation. Caruthers was returned to general population at his request. A number of times Caruthers again requested to be moved but never based on personal safety. Instead, his requests were related largely to concerns of theft. One of his prison grievances reads "last week I made numerous requests to be moved from a known cell (sic) thiefs (sic) cell." Although Caruthers allegedly informed prison officials the night his radio was stolen that "if anything happens to me over this they were in trouble" and, when he later filed a grievance concerning the theft, that he did not want to "be held hostage to inmate gang rule," neither of these statements was sufficient to inform defendants that Caruthers believed his personal safety was in danger. Because Caruthers failed to show that defendants were recklessly indifferent to his safety, the district court properly denied this claim. See Redman, 942 F.2d at 1443; see also Kruso, 872 F.2d at 1421 (we may affirm on any ground supported by the record).
 
 
 6
 Caruthers contends that defendants' actions and the conditions of his confinement after his assault violated his constitutional rights. After his assault, Caruthers requested that he be moved to administrative segregation. Pending classification, he was moved to a one-man cell. Caruthers alleges that while in protective custody he again was subject to abuse by the same inmate who assaulted him previously. He alleges that "without an officer being there to supervise the situation," the inmate verbally abused him from the cell block walk way, passed gas, taunted him by turning off the television set, tried to grab his arm, spat on him and threatened him with assault. He further alleges that prison officials denied his grievance concerning these incidents as "petty." Accepting Caruthers's allegations as true, the conditions of Caruthers's confinement were far from desirable. His allegations, however, fail to state a violation of any constitutional right. See Redman, 942 F.2d at 1443.
 
 
 7
 The district court had no duty to notice depositions of defendants. See Fed.R.Civ.P. 30.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3