103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Byron S. WOOLLEY, Plaintiff-Appellant,
v.
Dr. B. TEXTOR; Robert G. Borg; James Rowland, Defendants-Appellees.
 No. 93-16065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Byron S. Woolley appeals pro se the district court's judgment as a matter of law in favor of prison officials in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand.
 
 
 3
 Woolley brought this action against Dr. Textor, the Chief Medical Officer at Folsom Prison, Warden Borg, and James Rowland, the former Director of the Department of Corrections. Woolley alleged that the defendants were deliberately indifferent to his medical needs due to the failure of the Folsom medical staff to supply him with hearing aids despite nearly three years of statements by correction officials that he had a serious hearing loss. After lengthy pre-trial proceedings, this case went to a jury trial before a magistrate judge pursuant to 28 U.S.C. § 636(c). After Woolley rested, the district court granted the defendants' motion for a judgment as a matter of law finding that Woolley failed to proffer evidence of a causal link between defendants' actions and Woolley's alleged deprivation.
 
 
 4
 Woolley contends that the district court erred by directing a verdict for the defendants because he did proffer evidence demonstrating defendants' liability. We agree.
 
 
 5
 We review de novo the grant of a directed verdict. Pierce v. Multnomah County, 76 F.3d 1032, 1037 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3001 (U.S. June 24, 1996) (No. 95-2062). "A directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict. If conflicting inferences may be drawn from the facts, the case must go to the jury." Id. (internal quotations and citations omitted). Therefore, to uphold the directed verdict for the prison officials, we would have to determine that the evidence supported only a verdict in their favor. See id.
 
 
 6
 A supervisor cannot be held liable for constitutional deprivations effected by his subordinates unless the supervisor caused the deprivation by (1) participating or directing the conduct in question, (2) failing to train or supervise subordinates, or (3) creating a policy which resulted in the unconstitutional conduct. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984).
 
 
 7
 Here, Woolley alleges that he was deprived of hearing aids due to defendants' budgetary policy. At trial, he relied on a letter written by Dr. Textor on December 8, 1989, to the California Board of Osteopathic Examiners which explains the reasons behind the failure to provide Woolley with hearing aids during his confinement at Folsom Prison.[1] In this letter, Dr. Textor explained that despite several requests from various physicians for an audiometric evaluation, one was not conducted until September 28, 1988, due initially to the fact that "there was not a contract with an outside vendor to supply a hearing aid." Dr. Textor's letter then states that:
 
 
 8
 By the time the audiometric evaluation was finally obtained, funds designated for medical supplies had been cut back drastically due to a statewide shortage of funds, thereby, requiring very strict prioritization of how the remaining funds would be spent.
 
 
 9
 A decision was made to approve expenditures only for urgent and emergent medical problems and even then our expenditures exceeded budgeted amounts. Before additional funding was obtained, inmate Woolley had left this institution.
 
 
 10
 We conclude that Dr. Textor's letter gives rise to an inference that Woolley was denied hearing aids during at least part of his incarceration at Folsom due to defendants' budget policy directives. See Jones v. Johnson, 781 F.2d 769, 771-72 (9th Cir.1986) (allegation that budgetary policy existed condoning the denial of necessary medical care sufficient to state a claim against the county, county commissioners, and the jail supervisors); Spain v. Procunier, 600 F.2d 189, 200 (9th Cir.1979) (budgetary constraints do not justify cruel and unusual punishment). Thus, Woolley has proffered evidence demonstrating defendants' liability. See Ybarra, 723 F.2d at 680-81. Because the jury reasonably could have concluded that defendants' budgetary policy directives caused the alleged deprivation of Woolley's constitutional rights, defendants were not entitled to a directed verdict. See Pierce, 76 F.3d at 1037. Accordingly, we reverse and remand for a determination by the jury after both sides have introduced their evidence. The district court should revisit Woolley's request for appointment of counsel to assist with his claim.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Woolley also relies on Dr. Textor's sworn declaration which provides an identical explanation for the failure to provide Woolley with hearing aids