127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Edward SCHELL, Plaintiff-Appellant,
v.
Joe RICHARDS, Sheriff, Coconino County, Defendant-Appellee.
 No. 97-15743.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Arizona Stephen M. McNamee, District Judge, Presiding
 MEMORANDUM*
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 Joseph Edward Schell, an Arizona state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement while he was a pretrial detainee at the Coconino County Jail. Schell contends that he stated sufficient facts in his third amended complaint to support a claim that his constitutional rights were violated. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 2
 We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(6). See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). In determining whether a complaint states a claim, all allegations are taken as true and construed in the light most favorable to the plaintiff. See id. "A complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Id. In addition, pro se complaints are construed liberally. See Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983).
 
 
 3
 The Fourteenth Amendment's Due Process Clause protects pretrial detainees from conditions of confinement that amount to punishment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Although a claim by a pretrial detainee arises under the Due Process Clause, the Eighth Amendment guarantees provide a minimum standard for determining the detainee's constitutional rights. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). To state an Eighth Amendment claim, a detainee must allege that he was denied the minimal civilized measures of life's necessities and that this occurred through deliberate indifference by prison personnel or officers. See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996).
 
 
 4
 Here, Schell alleged that due to overcrowding at the jail he suffered psychological injury because (1) prisoners were locked in their cells for 23 hours per day and were allowed no outdoor recreation, (2) the noise level from overcrowding made sleeping impossible, (3) the jail facility was filthy and unsanitary, and (4) inadequate guard staff resulted in the prisoners' constant fear for their personal safety. Schell also alleged that the Sheriff was deliberately indifferent because he was aware of the conditions and failed to remedy the situation. Taking all allegations in the complaint as true, Schell alleged facts demonstrating the denial of minimal civilized measures of life's necessities and deliberate indifference by the Sheriff. Thus, Schell has stated a cause of action under the Fourteenth Amendment. See id. at 1089-91 (holding deprivation of exercise and excessive noise violates constitution); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir.1985) (holding inadequate institutional sanitation violates constitution); Farmer v. Brennan, 511 U.S. 825, 833 (1994) (holding that prison officials have duty to protect prisoners from violence).
 
 
 5
 Accordingly, we reverse the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and remand for further proceedings. See Barnett, 31 F.3d at 816.
 
 REVERSED and REMANDED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied. In addition, appellant's motion for appointment of counsel is denied. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In light of our disposition, we need not address Schell's argument that he was denied a fair opportunity to be heard because the district court dismissed his complaint before it ruled on his summary judgment motion