**Steven Floyd ULLRICH, Plaintiff–Appellant,**

v.

**CANYON COUNTY DETENTION CENTER; and Sheriff George Nourse, Defendants–Appellees.**

No. 01–35937.
D.C. No. CV–99–0291–S–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided Dec. 10, 2003.

---

Stephen Floyd Ullrich, pro se, Boise, ID, Michelle Menely, Bullivant Houser Bailey, PC, Seattle, WA, for Plaintiff–Appellant.

Michael W. Moore, Steven R. Kraft, Moore, Baskin, & Parker, Boise, ID, for Defendants–Appellees.

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.*

MEMORANDUM**

I.

In order for Ullrich to prevail on a claim for violation of 42 U.S.C. § 1983, he must show "(1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir.1991), *cert denied* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992). Pretrial detainees' challenges relating to conditions of confinement are evaluated under the Fourteenth Amendment. *Id.* Due process requires that pretrial detainees not be punished, as they have not been convicted, and therefore due process is violated if conditions of confinement equate with punishment. *Bell v. Wolfish,*

---

* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

441 U.S. 520, 537–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The court must determine if the conditions accompanying pretrial detention are "imposed for the purpose of punishment or whether [they are] but an incident of some other legitimate governmental purpose." *Id.* at 538. The Eighth Amendment provides the minimum standard of care for determining a person's rights as a pretrial detainee. *See Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir.1986).

■ Appellant maintains that questions of fact remain whether certain conditions of confinement at the Canyon County Detention Center constituted punishment. He contends that he was housed in holding or isolation for approximately nine weeks, that he was in "lock down" during this period, that he was required to sleep on a mattress on the floor, and that he had to eat at times while sitting on his bed. However, CCDC records reflect that appellant was given the opportunity to leave his cell on many occasions during his time in holding cells, and that he refused these privileges on a number of occasions. E.R. 107–109. It is uncontested that appellant spent the majority of his time in holding and isolation cells, all of which were designated for two prisoners, either alone or with one roommate. At one point, when appellant had already been in Holding Cell 3 for seven days, a third inmate was placed in his cell for five days. Appellees contend that no employee of the CCDC required appellant to sleep on a mattress on the floor, and that if appellant's mattress was on the floor during this period, it was because he placed it there. Appellant does not allege how he came to be sleeping on a mattress on the floor, or who required him to place it there.

Appellant argues that requiring an inmate to sleep on a mattress on the floor is unconstitutional punishment without regard to the length of the time the condition has been imposed, citing *Lareau v. Manson,* 651 F.2d 96, 105 (2d Cir.1981). *Lareau* is the only federal appellate decision holding that sleeping on a mattress on the floor is always unconstitutional punishment, and it dealt with very different circumstances. *Lareau* was a class action filed by both pretrial and convicted inmates at a facility meant to house 390 men, which was regularly housing from 580 to 630 men. It was a usual practice in that facility for prisoners to have only mattresses on the floor. In the instant case, appellant alleges no policy on the part of the CCDC to force prisoners to sleep on mattresses on the floor, nor that the situation in the CCDC forced such a sleeping arrangement or that it was a usual practice.

Finally, in order to succeed on a § 1983 claim against prison officials for conditions of confinement, a plaintiff must demonstrate both deliberate indifference on the part of prison officials and that the conditions plaintiff faced were part of an official governmental policy or custom. Appellant fails to provide evidence supporting either of these points.

## II.

Appellant contends that there was a genuine issue of material fact of whether the CCDC knowingly failed to provide him with an opportunity to exercise, and that therefore the district court's grant of summary judgment for appellees was error. Appellant argues that the lack of meaningful opportunity to exercise can in itself be a violation of due process, as it is a deprivation of one of "the minimal civilized measure of life's necessities." *Lopez v. Smith,* 203 F.3d 1122, 1133 (9th Cir.2000). Appellant argues that his lack of opportunity to exercise constituted both an unconstitu-

tional condition of confinement and a violation of his due process rights.

Eighth Amendment claims of inhumane prison conditions must meet both an objective and a subjective requirement. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.1994). "Under the objective requirement, the prison officials' acts or omissions must deprive an inmate of 'the minimal civilized measure of life's necessities.' The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

■ Even if appellant's situation amounted to a deprivation of exercise, which is indisputably a minimal civilized measure of life's necessities and would accordingly meet the objective requirement of *Allen*, appellant has not produced evidence that appellees had the required "deliberate indifference" state of mind. Appellant provided no evidence that he notified CCDC officials that he was being denied the opportunity to exercise, and absent this evidence, this Court finds that appellees were not deliberately indifferent to Mr. Ullrich's deprivation of exercise.

Accordingly, this Court affirms the district court's finding that the conditions under which appellant was held at CCDC did not constitute punishment and therefore did not violate appellant's due process rights; and affirms the district court's grant of summary judgment for appellees.

### III.

■ Appellant, who executed the "Mail Screening Authorization" form, contends that the CCDC's inspection of his outgoing mail was a violation of his First Amendment rights. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) noted that "prison walls do not form a barrier separating prison inmates from the protections of the Constitution," but held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 84, 89. Appellant asserts that this situation should be evaluated under the *Procunier v. Martinez*, 416 U.S. 396, 413–14, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) two-part standard for censorship of prison mail, but here appellant's mail was inspected by prison officials, not censored by them. "[F]reedom from censorship is not freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Appellees provided evidence that their long standing policy of inspecting all outgoing and incoming mail was based on the need for preservation of internal order and discipline, and the maintenance of institutional security, interests that have been held as legitimate by numerous courts. *See e.g. Turner v. Safely, supra; Bell v. Wolfish, supra; Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1046 (9th Cir.2002). This Court finds that the CCDC's policy of inspecting all outgoing and incoming mail was based on a legitimate penological interest.

Appellant argues that CCDC provided no explanation why inspection of his mail to his psychiatrist met any legitimate penological interest. However, CCDC policy requires inspection of mail to a psychiatrist like any other mail, for all the same reasons; only legal mail is excepted. On appeal, appellant does not separately challenge the one instance when a CCDC employee forwarded to the prosecutor a copy of a letter from appellant to his psychiatrist. While cause for some concern, this isolated action did not amount to a First

Amendment violation, primarily because the letter contained admissions that appellant had infectious diseases, which were passed on to the prosecutor in order to inform appellant's alleged victim of these potential health issues.

AFFIRMED.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.