**Ronald G. LOOMAN, Plaintiff—Appellant,**

v.

**Mike WICK; et al., Defendants—Appellees.**

No. 06–36104.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Ronald G. Looman, MSPD–Montana State Prison, Deer Lodge, MT, for Plaintiff–Appellant.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Ronald G. Looman, a Montana state prisoner, appeals pro se from the district

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim pursuant to 28 U.S.C. § 1915A. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000) (dismissal under § 1915A); *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 & n. 1 (9th Cir.1999) (dismissal without leave to amend). We affirm in part, vacate in part, and remand.

■ The district court properly dismissed with prejudice Looman's due process claims against defendants Richardson and Gootkin based on their involvement in the administrative appeals process because prisoners do not have a liberty interest in a particular grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003).

■ The district court determined that Looman's allegation that he was deprived of his pain medication for up to eight hours the day after he had hernia surgery was "not objectively sufficiently serious to acquire constitutional dimension." We disagree. Under these circumstances, the "severe pain" that Looman allegedly suffered during the delay stated a claim of an objectively, sufficiently serious deprivation under the Eighth Amendment. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (holding that prisoner's "complaint states a serious medical need [by] alleg[ing] suffering and pain from his herniated condition").

Although the district court properly dismissed Looman's other causes of action, Looman should be provided leave to amend as to those claims. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (stating that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defect in the pleading).

Accordingly, we affirm the district court's dismissal with prejudice of Looman's due process claims against defendants Richardson and Gootkin based on their involvement in the administrative appeals process, vacate the dismissal with prejudice of Looman's other causes of action, and remand for further proceedings.

**AFFIRMED in part, VACATED in part, and REMANDED.**