**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEIL GRENNING,

              Plaintiff - Appellant,

   v.

EILEEN W. BISSON; et al.,

              Defendants - Appellees.

No. 08-35292

D.C. No. 3:06-cv-05298-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Neil Grenning, a former pretrial detainee at the Pierce County Department of

Corrections Center, appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement,

deliberate indifference, and retaliation for his complaints to jail officials.  We have

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1096 (9th Cir. 2003), and may affirm on any ground supported by the record, *id.* at 1097.  We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Grenning's dental claim because he failed to raise a triable issue as to whether defendants were deliberately indifferent to his medical needs.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (an inmate must show both a serious medical need and that defendant's response was deliberately indifferent); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (mere negligence in diagnosing or treating a prisoner's medical condition does not constitute deliberate indifference); *see also Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (same standard applies to pretrial detainees).

The district court properly dismissed Grenning's constant illumination claim because he failed to exhaust grievance procedures prior to commencing his action. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules).

We reverse summary judgment on Grenning's retaliation claim against defendant Pero because, viewing the facts in the light most favorable to Grenning,

a reasonable jury could conclude that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals. *See Rhodes v. Robinson*, 408 F.3d 559, 568 n.11 (9th Cir. 2005) ("[H]arm that is more than minimal will almost always have a chilling effect."); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").

The district court properly granted summary judgment on the retaliation claim against defendant Ferko because he was not a participant in the complained of retaliatory actions and Grenning concedes as much in his opposition to summary judgment.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED**.