**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ANTHONY TORREZ, | No. 08-35738 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00689-MO |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS, a public entity; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 25, 2010 [**]

Before:     CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Anthony Torrez, an Oregon state prisoner, appeals from the district court's

summary judgment for defendants in his 42 U.S.C. § 1983 action alleging

defendants were deliberately indifferent to his serious medical needs and retaliated

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

against him by denying him treatment for his inguinal hernia. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989). We reverse in part, vacate in part, and remand for further proceedings.

The district court granted summary judgment on Torrez's deliberate indifference claim, but the record shows the existence of triable issues. Specifically, Torrez presented medical records, letters and grievances tending to show that the defendants knew that his hernia, which had previously required surgery, had recurred, become extremely painful, continued to worsen and was not easily reducible. Torrez also presented the declaration of Dr. Gregory stating that the only treatment for his condition was surgery and, Torrez showed that defendants denied him this treatment (or any other treatment) for over five months, from the end of June until mid-December 2006. *See Jones v. Johnson*, 781 F.2d 769, 771-72 (9th Cir. 1986) (recognizing that a painful hernia constitutes a serious medical need requiring treatment); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that prison official is deliberately indifferent if he knew that prisoner faced a substantial risk of harm and disregarded that risk); *Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006) (holding that triable issue existed where inmate advised prison doctor of his need to see orthopedist to set his fractured

2

thumb and doctor did not respond); *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir.1989) (concluding that a prisoner stated a claim for deliberate indifference where prison employee's approximately three-month delay in responding to grievances caused prisoner to suffer unnecessary and wanton infliction of pain). Therefore summary judgment on Torrez's deliberate indifference claim is reversed.

The district court granted summary judgment for defendants on Torrez's retaliation claim, but Torrez presented evidence showing a genuine issue of material fact as to whether defendants subjected him to adverse action — delayed medical treatment, dismissal of complaints of pain, and denial of a lower bunk assignment to alleviate pain — because he had earlier filed a § 1983 action against them. *See Brodheim v. Cry*, 584 F.3d 1262, 1270-71 (9th Cir. 2009). Therefore summary judgment on Torrez's retaliation claim is reversed.

The district court granted summary judgment for defendants on Torrez's claim under Oregon law that the defendants breached their settlement agreement of Torrez's earlier § 1983 action, which called for "prompt surgical repair of [Torrez's] right inguinal hernia." Because the specified provision is susceptible of more than one "sensible and reasonable interpretation," it is ambiguous. *Deerfield Commodities, Ltd. v. Nerco, Inc.*, 696 P.2d 1096, 1104-05 (Or. App. 1985). Therefore, we vacate summary judgment on Torrez's breach of contract claim for

resolution of this ambiguity and further proceedings consistent with this memorandum disposition.

We also vacate the district court's summary judgment on Torrez's claim of intentional infliction of emotional distress and his claim of breach of the covenant of good faith and fair dealing. The district court should consider these claims in light of this memorandum disposition.

Costs on appeal are awarded to Torrez.

**REVERSED in part, VACATED in part, and REMANDED.**

08-35738