**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TROYCE TABITHA BRANINBURG, | No. 11-15557 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-04562-CW |
| v. | |
| MONTEREY COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief Judge, Presiding

Submitted October 9, 2012[**]

Before:    THOMAS, RAWLINSON, and WATFORD, Circuit Judges.

Troyce Tabitha Braninburg appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging various constitutional violations

in connection with her confinement in Monterey County Jail while awaiting civil

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

commitment proceedings pursuant to California's Sexually Violent Predator ("SVP") Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to defendant Fithian because Braninburg failed to establish a genuine dispute of material fact as to whether Fithian was deliberately indifferent to Braninburg's serious medical needs, or whether Fithian personally participated in any other alleged constitutional violations. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (pretrial detainee's claim for inadequate medical treatment is evaluated under Eighth Amendment standard, and jail personnel violate the Eighth Amendment "if they are deliberately indifferent to the [detainee's] serious medical needs"); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (an official can be liable under § 1983 only "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation" at hand (emphasis omitted)).

The district court properly granted summary judgment to defendants Kanalakis and Barrera because Braninburg failed to establish a genuine dispute of material fact as to whether these defendants personally participated in any constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)

(supervisor is liable for constitutional violations of subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them"); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (party opposing summary judgment must present "significant probative evidence tending to support its claim that material, triable issues of fact remain").

The district court did not abuse its discretion in denying Braninburg's request for additional time for discovery because Braninburg failed to show how allowing additional discovery would have precluded summary judgment. *See Jones*, 393 F.3d at 930-31.

Braninburg's contention that the district court improperly tried to require her to exhaust administrative remedies is unpersuasive.

**AFFIRMED.**

11-15557