**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTINEZ AYTCH, | No. 10-15160 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01773-RLH-LRL |
| v. | |
| CYNTHIA SABLICA; D.O.N. II; LAVONNE ATKINS-ST. ROSE, D.O.N. II, R.N.; LINDA C. ADAMS, R.N. CN III; JAMES HENSON, Warden of Program (AWP); DWIGHT NEVEN, Warden H.D.S.P.; HOWARD SKOLNIK, Director, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted September 10, 2012
Las Vegas, Nevada

Before: RAWLINSON, BYBEE, and ARNOLD,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Morris S. Arnold, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Appellant Martinez Aytch (Aytch) challenges the district court's grant of summary judgment in favor of Defendants on his claims that prison officials were deliberately indifferent to Aytch's dental and vision problems.

**1.**     The district court erred in granting summary judgment on Aytch's claim that responsible prison officials were deliberately indifferent to Aytch's dental problems. Aytch raised a triable issue that, despite numerous medical requests and complaints of severe pain, responsible prison officials failed to timely address Aytch's dental problems and the resulting pain. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (holding that delay of treatment where prison officials were aware that the lack of dental treatment caused pain, infection, and inability to eat was "sufficient to state a claim of deliberate medical indifference under section 1983") (citation omitted).

On September 7, 2008, Aytch filed an informal grievance alerting prison officials that he had submitted five medical kites regarding his tooth and that he was in "awful pain," which James Henson, the Grievance Coordinator, denied. On October 7, 2008, Henson signed for a first-level grievance from Aytch complaining that he had submitted five medical requests and that he was still in pain. On October 30, 2008, Henson received Aytch's second-level grievance in which Aytch

2

stated that his tooth was "rotten" and was still causing him "awful pain" and "unbearable pain." The form does not reflect a response to the grievance, although Aytch noted that it had been twenty-six days since he filed his first-level grievance.

Aytch also presented evidence that Cynthia Sablica, a prison nurse and grievance responder, was aware of Aytch's medical concerns, but did not appropriately respond. On September 15, 2008, Sablica denied Aytch's grievance and stated that Aytch was on the waiting list for the dentist and a nurse was to visit Aytch. Sablica did not otherwise address Aytch's dental problems.

Aytch also presented evidence that Lavonne Atkins-St. Rose, a prison nurse and grievance responder, was aware of Aytch's dental problems and was potentially indifferent to Aytch's medical needs. On October 22/23, 2008, Atkins-St. Rose denied Aytch's grievance received on September 9, 2008, and stated that Aytch had received pain medication and antibiotics on October 17, 2008 and that he was still on the wait list to see the dentist. There was no indication that pain medication was administered on any other date after Atkins-St. Rose became involved.

These Defendants are potentially individually liable for the delay in Aytch's dental treatment and/or alleviation of the pain caused by the dental problems. Aytch sufficiently raised a triable issue as to whether these prison officials

"knowingly fail[ed] to respond to [Aytch's] requests for help," despite Nevada regulations providing the requisite standards for a prisoner's dental care. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (citations omitted); *see also* Nev. Dep't of Corrections Admin. Reg. 631.06(1) (providing for outside dental consultations if warranted by the prisoner's dental status); Nev. Dep't of Corrections Admin. Reg. 631 (mandating that prison medical staff comply with prison dental regulations).

**2.** The district court properly granted summary judgment on Aytch's claim that prison officials were deliberately indifferent to his vision problems. Because Aytch's vision problems were corrected when he received eyeglasses, Aytch failed to raise a triable issue that the prison officials were deliberately indifferent to a serious medical need. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation omitted).[1]

---

[1] Summary judgment was warranted as to Linda Adams, a prison nurse, as Aytch only alleged that she was deliberately indifferent to Aytch's vision problems. Unlike Henson, Atkins-St. Rose, and Sablica, Aytch did not present any evidence that Adams was involved in delaying his dental treatment.

**3.**     Summary judgment was warranted as to Defendants Howard Skolnik and Dwight Neven because Aytch "failed to allege any facts showing how [they] played a role in denying [Aytch] medical care." *Hunt*, 865 F.2d at 200 (citations omitted).

**4.**     Because there are triable issues related to the prison officials' deliberate indifference to Aytch's dental problems and such indifference would violate clearly established law, the prison officials are not entitled to qualified immunity. *See id.* at 201 ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment.") (citation and internal quotation marks omitted).  Budgetary constraints do not absolve prison officials from liability for deliberate indifference. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986); *see also Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012).

**AFFIRMED in part; REVERSED and REMANDED in part for further proceedings consistent with this disposition.**

**Costs are awarded to Plaintiff.**