**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROY RUSCH MCCARTER,

        Plaintiff - Appellant,

  v.

COUNTY OF SAN BERNARDINO; et al.,

        Defendants - Appellees,

  and

DEPUTY ROTH; et al.,

        Defendants.

No. 09-55363

D.C. No. 2:01-cv-08352-VAP-FMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Roy Rusch McCarter, a former California state prisoner, appeals pro se from the district court's partial summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and challenging the conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and we affirm.

The district court properly granted summary judgment on McCarter's excessive force claims against San Bernardino County and the City of Rancho Cucamonga because he failed to raise a genuine issue of material fact as to whether a specific policy or custom was "the moving force" behind the alleged unconstitutional conduct. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). The district court properly granted summary judgment on McCarter's excessive force claims against defendants Penrod, Hernandez, and Ripley because he failed to raise a triable issue as to whether these defendants personally participated in the alleged assault. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

The district court properly granted summary judgement on McCarter's deliberate indifference claims because he failed to raise a triable issue as to

whether the defendants knew of and disregarded an excessive risk to his health and safety, where McCarter had the opportunity to be seen by a private dentist and was treated by a facility dentist. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety"); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of opinion concerning proper treatment does not constitute deliberate indifference); *see also Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) ("[T]he eighth amendment guarantees provide a minimum standard of care for determining [the plaintiff's] rights as a pretrial detainee, including his right to medical care.").

The district court properly granted summary judgment on McCarter's claims regarding unsanitary conditions because he failed to raise a triable issue as to whether he suffered any physical injury. *See* 42 U.S.C. § 1997e(e); *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (indicating lack of sanitation must be severe and prolonged to constitute a Fourteenth Amendment violation).

McCarter waived his claims concerning two 1998 assaults when he failed to raise the claims in his third amended complaint. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

We do not consider claims not adequately raised in McCarter's opening brief. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

McCarter's remaining contentions are unpersuasive.

We deny McCarter's motion to supplement the record.

**AFFIRMED.**

09-55363